UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

QUENTIN LEWIS, 98-B-0357,

        Petitioner,

        -v-                                 08-CV-431(MAT)
                                                 **ORDER**
HAROLD GRAHAM, Superintendent,
Auburn Correctional Facility,

        Respondent.

---

## I. Introduction

*Pro se* petitioner Quentin Lewis ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Monroe County Court of two counts of Robbery in the First Degree (N.Y. Penal L. § 160.15(4)) following a guilty plea before Judge John. J. Connell.

## II. Factual Background and Procedural History

### A. Charges, Plea and Sentence

On August 27, 1997, 17-year-old petitioner, along with three other armed individuals, carried a loaded shotgun into the Kim Ching Chinese Restaurant on Thurston Road in the City of Rochester. Plea Mins. ("P.M.") dated 12/15/1997 at 7-9. Seven people, including patrons, were robbed at gunpoint; petitioner being caught on surveillance video firing his shotgun at a patron. Sentencing Mins. ("S.M.") dated 1/28/1998 at 7-8. In fleeing the restaurant, petitioner was shot by a police officer who had heard the blast

from petitioner's shotgun as he happened to be passing by the restaurant. S.M. 9, 11.

Petitioner subsequently pleaded guilty to two counts of Robbery in the First Degree in satisfaction of multiple charges contained in Monroe County Indictment Nos. 0598/1997 and 0565/1997[1]. The trial court agreed to impose concurrent sentences of 12 and ½ to 25 years for each count. The prosecutor indicated that there was "an understanding that Mr. Lewis would waive his right to appeal on both of those matters." P.M. 2-3.

During sentencing, petitioner denied appearing with his attorney, and informed the county court that his parents had unsuccessfully attempted to obtain new counsel for him. S.M. 2. Petitioner then stated that he wished to withdraw his guilty plea because he did not feel that his case was "fair" and that his attorney "scared him up" into pleading guilty. S.M. 3-4. The county court offered to give petitioner an adjournment if his parents indeed had plans to obtain a new attorney. S.M. 5.

Petitioner's assigned counsel, Louis P. Pilato, Esq. ("Pilato"), who was present at sentencing, explained that he had no knowledge of petitioner's intention to find another attorney, and took a brief opportunity to state that he believed he had done an appropriate job in representing petitioner, referencing some of

---

[1] Petitioner was arraigned on fourteen charges arising from robbery incident, together with an unrelated indictment for Criminal Possession of Stolen Property in the Fourth Degree (No. 0565/97).

the evidence against petitioner. S.M. 8-10. Upon petitioner's declaration that his mother had not yet found an attorney, the trial court proceeded to deny petitioner youthful offender status and sentenced petitioner to concurrent terms of imprisonment of 12 and ½ to 25 years imprisonment for each count of Robbery in the First Degree. S.M. 5, 12.

### B. Direct Appeal

Petitioner appealed his conviction to the Appellate Division, Fourth Department, arguing that: (1) the trial court should have adjourned sentencing and assigned new counsel due to a conflict of interest; (2) petitioner's waiver of appellate rights was not voluntary or intelligent; and (3) the sentence should be modified as harsh and excessive. See Respondent's Appendix ("Appx.") A. The Appellate Division addressed the merits of petitioner's conflict of interest claim:

> Although defense counsel had no duty to support the *pro se* motion of defendant to withdraw his plea of guilty, defense counsel became a witness against his client by taking a position adverse to him, thereby depriving defendant of effective assistance of counsel. Thus, the court should not have determined the motion to withdraw the plea without first assigning a different attorney to represent defendant.

People v. Lewis, 286 A.D.2d 934 (4th Dept. 2001) (citations and internal quotations omitted).

The Appellate Division reserved decision on the direct appeal and remitted the case to Monroe County Court for assignment of new counsel and a *de novo* determination of petitioner's motion to withdraw his guilty plea. Lewis, 286 A.D.2d at 934.

**C.   *De Novo* Determination of Withdrawal Motion**

Following the assignment of new counsel to represent petitioner in conjunction with presenting a written motion to withdraw his pleas, the county court heard argument from the parties and issued a decision denying petitioner's motion without an evidentiary hearing. See Decision & Order of Monroe County Court, Ind. No. 97-0598 (Connell, J.) dated 12/19/2001 (Appx. F at 61-63).

In its Decision & Order, the county court rejected all of petitioner's contentions contained in petitioner's motion to withdraw his plea, including, *inter alia*, (1) that petitioner had two defenses available to him had he gone to trial, however Pilato never questioned petitioner with regard to possible defenses; (2) petitioner's consultations with Pilato were inadequate; (3) Pilato misadvised petitioner as to the potential sentence if convicted after trial; (4) Pilato did not review discovery material with petitioner; and (5) Pilato demanded that petitioner plead guilty.  Appx. F at 61-63.

The state court observed that petitioner's arguments were unsubstantiated and, in large part contradicted by the plea

colloquy, in which petitioner stated under oath that: (1) he had adequate time to discuss the plea agreement with Pilato; (2) he understood that he was waiving certain constitutional rights and acknowledged the ramifications of pleading guilty to a felony; and (3) he was not threatened or forced to plead guilty by anyone. P.M. 5-7. Prior to entering his plea, he then admitted to the facts of the offense, stating that he and three others, armed with loaded shotguns and handguns, robbed a Chinese restaurant on Thurston Street in Rochester. Petitioner took money and jewelry from patrons. As he left the restaurant, petitioner was shot. P.M. 7-8.

### D. Appeal Following Remittal

Through counsel, petitioner filed a supplemental brief challenging the state court's decision in the Appellate Division, Fourth Department, arguing that the trial court abused its discretion in denying his motion to withdraw his plea on the basis that his counsel (Pilato) was ineffective. Appx. E. The Appellate Division rejected petitioner's claim on the merits, finding that the county court did not abuse its discretion, and unanimously affirmed the judgment of conviction. People v. Lewis, 34 A.D.3d 1269, 1270 (4th Dept. 2006), lv. denied, 8 N.Y.3d 924 (2007).

### E. Petition for Habeas Corpus

Petitioner then filed a timely petition for writ of habeas corpus (Dkt. #1) and accompanying memoranda (Dkt. ## 3, 14) in this Court. In the instant petition, petitioner claims that his

constitutional right to due process was violated when the trial court denied petitioner's application to withdraw his guilty plea without holding an evidentiary hearing. Petition ("Pet.") ¶ 12(A). In support of his argument, petitioner re-asserts that his counsel at the time of his plea was ineffective. Petitioner's Memorandum of Law ("Pet'r Mem.") at 4-11; Petitioner's Reply Memorandum ("Pet'r Reply Mem.") at 5-6.

For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A. General Principles Applicable to Federal Habeas Review**

        **1. Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court

decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.     The Habeas Petition**

    **1.     Ground One: The Trial Court Abused its Discretion in Denying Petitioner's Motion to Withdraw His Guilty Plea**

Petitioner's sole claim in the instant petition reads, "Petitioner's right to due process [was] violated when it was an abuse of discretion to deny petitioner's application to withdraw his guilty plea." Pet. ¶ 12(A). Following assignment of counsel and a *de novo* determination of petitioner's motion to withdraw his plea, the Appellate Division held that the county court did not abuse its discretion in denying petitioner's motion. People v. Lewis, 34 A.D.3d 1269, 1270.

Due process requires that a guilty plea be voluntary, as well as knowing and intelligent. See, e.g., Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, 397 U.S. 742, 748 (1970). Once a guilty plea is accepted by the court, however, there is "no absolute right" to withdraw it, and "whether to hold a hearing on the motion to withdraw is within the sound discretion of the trial court." Murray v. McGinnis, No. 00 Civ. 3510(RWS), 2001 WL 26213, at *4 (S.D.N.Y. Jan. 10, 2001) (citing U.S. ex rel. Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970)); see also Thomas v. Senkowski, 968 F.Supp. 953, 956 (S.D.N.Y. 1997) ("With respect to a motion to withdraw a guilty plea, the nature and extent of the fact-finding procedures requisite to the disposition of such motions rest largely in the discretion of the Judge to whom the motion is made.") (internal quotation marks and citations omitted). Rather, it is "[o]nly in the rare instance" that a defendant will be entitled to an evidentiary hearing on a motion to withdraw a plea. Thomas v. Senkowski, 968 F.Supp. at 956 (internal quotation marks and citations omitted). All that is required is that the court provide the defendant with a "reasonable opportunity to present his contentions." Id.

On the outset, the Court notes that petitioner was indeed provided with a reasonable opportunity to present his contentions to the county court. Petitioner was appointed new counsel to file a written motion to withdraw petitioner's plea. See Appx. F at 1-8.

Both petitioner's counsel and the prosecutor submitted supplementary papers, and the court heard oral argument on the application. Appx. F at 46-59. The county court then issued a three-page Decision and Order, concluding that, "this Court is satisfied that the defendant made a knowing, voluntary, informed, and intelligent plea to the charge of Robbery in the First Degree," and denied the motion to withdraw the plea without further hearings. Appx. F. at 63.

Next, petitioner's argument that the county court denied petitioner due process when it failed to hold an evidentiary hearing on petitioner's withdrawal motion[2], see Pet'r Reply Mem. at 2, "cannot serve as a basis for habeas relief because there is no federal constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea." Lebron v. Sanders, No. 02 Civ. 6327(RPP), 2008 WL 793590, *10 (S.D.N.Y. March 25, 2008) (citing United States v. Maher, 108 F.3d 1513 (2d Cir. 1997); United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992)); see also Hines v. Miller, 318 F.3d 157, 162 (2d Cir. 2003), cert. denied, 538 U.S. 1040 (2003) ("Both federal and state precedent have established

---

[2] Petitioner has raised this claim for the first time in the instant habeas petition and has therefore failed to exhaust his claim in the state courts as required by 28 U.S.C. § 2254(b)(1)(A). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). However, a habeas court may deny unexhausted claims on the merits despite petitioner's failure to exhaust his state court remedies pursuant to 28 U.S.C. § 2254(b)(2). Because petitioner's claim does not raise a colorable federal claim, the Court can easily dispose of petitioner's due process argument on the merits. See Hernandez v. Lord, No. 00-CIV-2306, 2000 WL 1010975, *4 n.8 (S.D.N.Y. Jul. 21, 2000) (collecting and analyzing cases).

that a defendant is not entitled as a matter of right to an evidentiary hearing on a motion to withdraw a guilty plea . . . . [T]he failure to hold an evidentiary hearing on a motion to withdraw a plea does not offend a deeply rooted or 'fundamental' principle of justice."); <u>Viscomi v. Conway</u>, 438 F.Supp.2d 163, 176 (W.D.N.Y. 2006) (citing <u>Hines v. Miller</u>, <u>supra</u>); <u>Hutchings v. Herbert</u>, 260 F.Supp.2d 571, 581 (W.D.N.Y. 2003) (same).

Based on the aforementioned precedent, petitioner has not set forth a basis for habeas relief.

Finally, to the extent that petitioner's claim can be read as a challenge to the voluntariness of his plea on the basis of ineffective assistance of counsel, <u>see</u> Pet'r Mem. at 4-6, this claim must also fail.

To raise a claim of ineffective assistance of counsel despite a guilty plea, the petitioner must show that the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards. <u>Parisi v. U.S.</u>, 529 F.3d 134, 138-39 (2d Cir. 2008). The standard established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) applies to a claim of ineffective assistance of counsel arising out of the plea bargaining process. <u>Hill v. Lockhart</u>, 474 U.S. 52, 57, (1985). To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that this deficient performance prejudiced his defense. <u>Strickland</u>,

466 U.S. at 687. Deficiency is measured by an objective standard of reasonableness and whether, "in light of all the circumstances, the identified acts or omissions, were outside the wide range of professionally competent assistance." Id. at 690. In terms of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. To prevail, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

There is nothing in the record to indicate that petitioner received nothing but competent, zealous representation from his assigned counsel. Pilato met with petitioner on numerous occasions to discuss the posture of his client's case. He filed the appropriate motions and made the requisite court appearances. When Pilato received voluminous discovery materials from the prosecutor, presumably unfavorable to petitioner's position, Pilato advised his client of those developments and discussed a possible disposition by plea during a three-hour jail visit. During that same visit, when Pilato inquired of petitioner about the circumstances of the incident and whether he felt any defenses existed, no such defenses were offered by petitioner; rather, the sole concern expressed by petitioner and his family members was whether or not he could sue

and obtain money from either the police or restaurant owner for him being shot in connection with the robbery. Appx. F at 52-55.

Petitioner also received a favorable sentence through counsel's assistance, in light of the potential 25 to 50 year sentence he faced if convicted at trial. Indeed, there was substantial evidence against petitioner, including a videotape of petitioner firing a shotgun at one of the restaurant patrons and that petitioner himself had been shot by a police officer while fleeing the scene. S.M. 6-8. Furthermore, at the time of his guilty plea, petitioner's co-defendants had pleaded guilty and implicated in him the crime. S.M. 4. Pilato, in his affidavit, acknowledges that he did advise petitioner to plead guilty given the strength of the prosecution's case. Appx. F. at 55. The county court aptly pointed out the fact that "[petitioner's] attorney at the time expressed his opinion that the likelihood of conviction was high is more a tribute to the defense counsel's ability to analyze the proof of the case, rather than a demonstration of his incompetence." Appx. F at 62. The Court agrees. Petitioner cannot and does not establish here that had he proceeded to trial, he would have received a more favorable outcome, and thus does not demonstrate that Pilato rendered ineffective assistance under the terms of Strickland.

In light of the foregoing, the Appellate Division's determination was not contrary to, or an unreasonable application

of clearly established federal law, and habeas relief is denied on this ground.

## IV. Conclusion

For the reasons stated above, Quentin Lewis' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: August 30, 2010
Rochester, New York